# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY E. LARSON,<br><br>                             Plaintiff,<br>v.<br>B. CATES, Acting Warden,<br><br>                            Defendant. | Case No. 21-CV-1628 TWR (DEB)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in San Diego Superior Court Case number SCE95230. (ECF No. 1 ("Pet.") at 1.)  For the reasons discussed below, the Court summarily **DISMISSES WITHOUT PREJUDICE** this case pursuant to 28 U.S.C. § 2244(b)(3)(A).

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his conviction in San Diego County Superior Court case number SCE195230.  On July 7, 2009, Petitioner filed in this Court a First Amended Petition for Writ of Habeas Corpus in *Larson v. Carrasco*, No. 09-CV-745 L (PCL) (S.D. Cal. transferred Apr. 9, 2009).  In that petition, Petitioner also challenged his conviction in San Diego Superior Court case number SCE195230.  On February 25, 2011, this Court granted a motion to dismiss the petition as time barred.  *See* Order, *Larson v. Carrasco*,

No. 09-CV-745 L (PCL) (S.D. Cal. filed Feb. 25, 2011), ECF No. 51.  Petitioner appealed that determination, and on August 23, 2012, the Ninth Circuit Court of Appeals denied a Certificate of Appealability.  *See* Order, *Larson v. Attorney General*, No. 11-55606 (9th Cir. Aug. 23, 2012).  Petitioner again challenged his conviction in San Diego County Superior Court case number SCE195230 in this Court in *Larson v. Alison*, No. 14-CV-2083 JAH (JMA) (S.D. Cal. filed Sept. 3, 2014).  That case was dismissed as successive on September 10, 2014. *See* Order, *Larson v. Alison*, No. 14-CV-2083 JAH (JMA) (S.D. Cal. Sept. 10, 2014), ECF No. 3.  On April 28, 2016, Petitioner again attempted to challenge the same conviction, and the petition was again dismissed as successive.  *See* Order, *Larson v. Sherman*, No. 16-CV-1038 GPC (MDD) (S.D. Cal. May 11, 2016), ECF No. 3.

Through this Petition, Petitioner once again seeks to challenge the sentence imposed as a result the same conviction challenged in his prior federal habeas petitions.  Unless a petitioner shows he has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court.  *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition).  A successive application is permissible "only if it rests on a new rule of constitutional law, facts that were previously unavailable or facts that would be sufficient to show constitutional error in the petitioner's conviction." 28 U.S.C. § 2244(b)(2).  "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court."  *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008).

Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.  Because the Court cannot consider Petitioner's Petition, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this Court if he obtains the necessary order from the Ninth Circuit Court of Appeals.  Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and reasonable jurists would not find debatable this Court's

assessment of his claims, the Court **DENIES** a certificate of appealability. *See* 28 U.S.C. § 2253(c); *see also* Rules Governing § 2254 Cases, Rule 11(a) (requiring the district court that issues an order denying a habeas petition to either grant or deny a certificate of appealability). For Petitioner's convenience, the Clerk of Court **SHALL ATTACH** a blank Ninth Circuit Application for Leave to File Second or Successive Petition.

**IT IS SO ORDERED.**

Dated: September 16, 2021

Honorable Todd W. Robinson
United States District Court